IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 14-cv-00301-REB-BNB

JAMES ROGER DUNCAN,

Plaintiff,

v.

BILL RITTER, JR., ex-governor,
JOHN W. HICKENLOOPER, governor,
RICK RAEMISCH, executive director,
WARDEN MILYARD,
WARDEN FALK, and
CASE MANAGER LUECK,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

The plaintiff filed his Prisoner Complaint on January 31, 2014 [Doc. #1] (the "Complaint"). On February 20, 2014, the court issued a Certificate of Service [Doc. #7] for the United States Marshal to effect personal service on defendant Bill Ritter, Jr., at 136 Capitol Building, Room 136, Denver, CO 80203.[1] On February 27, 2014, the Marshal filed a Process Receipt and Return [Doc. #10] which indicates that the Marshal was unable to effect service on Mr. Ritter because he "is no longer employed at this location."

As a result, I ordered the plaintiff to show cause why the Complaint should not be dismissed as against Mr. Ritter for failure to prosecute. See D.C.COLO.LCivR 41.1. I warned the plaintiff that the action could be dismissed without prejudice as against Mr. Ritter for failure

---

[1] The Complaint does not contain a current address for defendant Ritter.

to prosecute if no adequate showing was made.

On May 20, 2014, the plaintiff filed a paper titled "I Object to the Motion to Show Cause." The plaintiff does not provide an alternative address for Mr. Ritter, nor does he show cause why the action should not be dismissed as against Mr. Ritter for failure to prosecute.

I respectfully RECOMMEND that defendant Bill Ritter, Jr., be DISMISSED WITHOUT PREJUDICE pursuant to D.C.COLO.LCivR 41.1.[2]

Dated August 6, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[2] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).