**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 14-cv-00301-REB-BNB

JAMES ROGER DUNCAN,

     Plaintiff,

v.

BILL RITTER, JR., ex-governor,
JOHN W. HICKENLOOPER, governor,
RICK RAEMISCH, executive director,
WARDEN MILYARD,
WARDEN FALK, and
CASE MANAGER LUECK,

     Defendants.

---

**ORDER OVERRULING OBJECTION TO ORDER
OF THE UNITED STATES MAGISTRATE JUDGE**

---

**Blackburn, J.**

The matter before me is plaintiff's **Objection to Magistrate Judge Boland** [*sic*]

**"Order" Dated August 6, 2014** [#56],[1] filed August 18, 2014, which objects to the

magistrate judge's **Order** [#54], filed August 6, 2014, denying plaintiff's **Motion for**

**Amendment to Complaint and Introducing New Evidence** [#54], filed July 9, 2014.  I

overrule plaintiff's objection.

Plaintiff is proceeding *pro se*. Thus, I have reviewed his motion more liberally than

pleadings or papers filed by attorneys.  **See, e.g., Erickson v. Pardus**, 551 U.S. 89, 94, 127

S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Haines v. Kerner,** 404 U.S. 519, 520-21, 92

S.Ct. 594, 596, 30 L.Ed.2d 652 (1972); **Andrews v. Heaton**,  483 F.3d 1070, 1076 (10th Cir.

---

[1]  "[#56]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

2007); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10ᵗʰ Cir. 1991).

Plaintiff's objection pertains to non-dispositive matters that have been referred to the magistrate judge for resolution.  Under 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(a), I may modify or set aside any portion of a magistrate judge's order which I find to be clearly erroneous or contrary to law.

Nevertheless, having reviewed the magistrate judge's order and the apposite motion, and having considered plaintiff's objection, I conclude that the magistrate judge's order is not clearly erroneous or contrary to law.  A motion to amend the complaint must include a copy of the proposed amendment.  **See D.C.COLO.LCivR** 15.1(b).  Because plaintiff failed to do so, his motion was properly denied.  **See Green v. Dorrell**, 969 F.2d 915, 917 (10ᵗʰ Cir. 1992) (*pro se* litigant "must follow same rules of procedure as govern other litigants"), **cert. denied**, 113 S.Ct. 1336 (1993).  Moreover, although plaintiff urges the court not to dismiss this case, the magistrate judge's decision works no such outcome.  The motion for leave to amend was denied without prejudice, so that plaintiff is not precluded from seeking amendment provided he complies with all applicable rules in doing so.

**THEREFORE, IT IS ORDERED** that plaintiff's **Objection to Magistrate Judge Boland** [*sic*] **"Order" Dated August 6, 2014** [#56], filed August 18, 2014, is **OVERRULED**.

Dated August 22, 2014, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

2