**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 14-cv-00301-REB-BNB

JAMES ROGER DUNCAN,

    Plaintiff,

v.

JOHN W. HICKENLOOPER, governor,
RICK RAEMISCH, executive director,
WARDEN MILYARD,
WARDEN FALK, and
CASE MANAGER LUECK,

    Defendants.

**ORDER**

**Blackburn, J.**

The matter before me is plaintiff's submission entitled **Duncans Objected to Order Adopting Recommendation of the United States Magistrate Judge** [#62],[1] filed September 24, 2014. By this motion, plaintiff essentially asks me to reconsider my **Order Adopting Recommendation of the United States Magistrate Judge** [#59], filed September 8, 2014, which dismissed without prejudice plaintiff's claims against former Colorado governor Bill Ritter, Jr., for failure to effectuate service of process. As thus construed, I deny the motion.

Because plaintiff is proceeding *pro se*, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by

---

[1] "[#62]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)). Nevertheless, the bases for granting reconsideration are extremely limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).

Nothing in plaintiff's latest submission implicates any of these bases for reconsidering a prior order of the court. The court did not receive the particular objection which plaintiff appended to the instant motion, but that objection is not dissimilar in tone or content from others that plaintiff has filed in this case. As I have noted previously, plaintiff appears to be under the wholly mistaken impression that the entirety of his case has been dismissed. Such is most emphatically not the case. Plaintiff's claims against former Colorado governor Bill Ritter have been dismissed without prejudice, and plaintiff's motion for leave to amend his complaint likewise was denied without prejudice. A dismissal without prejudice leaves plaintiff free to reurge his claims against the dismissed defendant – so long as he provides an address for service

of process – as well as to seek leave to amend his complaint – so long as he complies with the requirement of submitting a proposed amended complaint with his motion. (*See* **Order** {#54], filed August 6, 2014.)

Plaintiff's alleged lack of schooling in the law does not absolve him of educating himself as to proper court procedures, or of reading the court's orders – which are not couched in legalese or otherwise difficult to understand – in an effort to understand the court's rulings and stay apprised of how this case is progressing.

**THEREFORE, IT IS ORDERED** that **Duncans Objected to Order Adopting Recommendation of the United States Magistrate Judge** [#62], filed September 24, 2014, construed as a motion to reconsider, is **DENIED**

Dated September 30, 2014, at Denver, Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge