IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 14-cv-00301-REB-BNB

JAMES ROGER DUNCAN,

Plaintiff,

v.

JOHN W. HICKENLOOPER, governor,
RICK RAEMISCH, executive director,
WARDEN MILYARD,
WARDEN FALK, and
CASE MANAGER LUECK,

Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter is before me on the defendants' **Motion to Dismiss Complaint** [Doc. #32,

filed 05/12/2014] (the "Motion").[1]  I respectfully RECOMMEND that the Motion be

GRANTED.

## I.  STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings.  Haines v.

Kerner, 404 U.S. 519, 520-21 (1972).  I cannot act as advocate for a *pro se* litigant, however,

who must comply with the fundamental requirements of the Federal Rules of Civil Procedure.

Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The standard of review for a motion to dismiss for lack of subject matter jurisdiction

under Fed.R.Civ.P. 12(b)(1) is described as follows:

_____

[1]Former Governor Bill Ritter was dismissed on September 8, 2014 [Doc. #59].

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint.  In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends.  When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations.  A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case.  The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

In ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff.  City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976).  The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief.  Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."

Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

## II.  BACKGROUND

The plaintiff is incarcerated by the Colorado Department of Corrections ("DOC") at the Sterling Correctional Facility ("SCF").  He filed his Prisoner Complaint on January 31, 2014 [Doc. #1], (the "Complaint").  The Complaint contains the following allegations:

1.  The water at SCF is polluted with uranium and trihalomethanes.  *Complaint*, p. 4.

2.  The defendants have known about the polluted drinking water since SCF opened in 1998.  Id. at pp. 4-5.

3.  All grievances related to the water issue have been "refused," and each grievance "had the same answer signed by warden Falk!!"  Id. at p. 5.

4.  The water system in Canon City has been "very polluted" with uranium for 59 years. The DOC, Warden Milyard, Warden Falk, and Governor Hickenlooper are forcing SCF inmates to drink the polluted water from Canon City while the SCF water is being fixed.  Id.

The plaintiff asserts three claims for relief.  In Claim One, the plaintiff alleges that his First, Eighth, and Fourteenth Amendment rights were violated by defendants Lueck and Falk when (1) Falk issued one answer to all grievances concerning the polluted water and refused to answer step 1, 2, and 3 grievances; and (2) Lueck refused to permit the plaintiff to submit further grievances on the issue.  Id. at p. 6.

In Claim Two, the plaintiff alleges that defendants Milyard and Falk violated his Eighth Amendment and equal protection rights because they have refused him the right to drink unpolluted water since 1999.  He states that he has the same right "as the people on the outside to

drink unpolluted water." He alleges that ingestion of the water has "shut down" his thyroid

glands, liver, kidneys, and lungs. Everyone is forcing him to drink the water "from the

Executive Director down the line to the case managers and all CDOC staff." Id. at p. 7.

In Claim Three, the plaintiff alleges that his Eighth Amendment rights were violated

because the wardens and Governor Hickenlooper knew of the polluted water and did nothing

about it. Id. at p. 8.

The plaintiff seeks declaratory and injunctive relief and compensatory and punitive

damages. Id. at p. 10.[2]

## III.  ANALYSIS

This action is brought under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State, . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an
> action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

### A.  Official Capacity Claims

The defendants assert that claims against them in their official capacities for monetary

damages must be dismissed on the basis of Eleventh Amendment immunity. *Motion*, p. 4. The

Complaint does not specify whether suit is brought against the defendants in their official or

---

[2]Any other claims the plaintiff may be attempting to assert are unintelligible and will not be recognized. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

individual capacities.  However, to the extent the plaintiff is attempting to sue the defendants in their official capacities, Eleventh Amendment immunity must be addressed.

The defendants are asserting a facial challenge to the Complaint's allegations as to subject matter jurisdiction.  Therefore, I accept the allegations of the Complaint as true.  Holt, 46 F.3d at 1003.

The Eleventh Amendment bars suits in federal courts against unconsenting states by the state's own citizens and by citizens of another state.  Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 304 (1990).  Eleventh Amendment immunity "constitutes a bar to the exercise of federal subject matter jurisdiction."  Fent v. Okla. Water Res. Bd., 235 F.3d 553, 559 (10th Cir. 2000) (emphasis omitted).  Eleventh Amendment immunity applies to suits arising under 42 U.S.C. § 1983.  Quern v. Jordan, 440 U.S. 332, 345 (1979).

The Eleventh Amendment precludes federal jurisdiction over state officials acting in their official capacities as to retroactive monetary relief, but not as to prospective injunctive relief. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 102-03,105-06 (1984).

Defendants Raemisch, Milyard, Falk, and Lueck are employed by the DOC.  *Complaint*, pp. 2-3.  The DOC is an agency or subdivision of the State of Colorado.  Defendant Hickenlooper is a state official.  The Eleventh Amendment bars suit against these defendants in their official capacities for retroactive monetary relief.  I respectfully RECOMMEND that the Motion be GRANTED to the extent it seeks dismissal of the claims against the defendants in their official capacities for retroactive monetary relief based on Eleventh Amendment immunity.

## B.   Individual Capacity Claims

The defendants raise the defense of qualified immunity.  *Motion*, p. 17.  Qualified

immunity shields government officials sued in their individual capacities from liability for civil

damages provided that their conduct when committed did not violate "clearly established

statutory or constitutional rights of which a reasonable person would have known."  Harlow v.

Fitzgerald, 457 U.S. 800, 818 (1982).  In order for a right to be "clearly established" for purposes

of assessing entitlement to qualified immunity, "[t]he contours of the right must be sufficiently

clear that a reasonable official would understand that what he is doing violates that right."

Anderson v. Creighton, 483 U.S. 635, 640 (1987).

When analyzing the issue of qualified immunity, I  consider two factors.  I must

determine whether the plaintiff has sufficiently alleged a violation of a statutory or constitutional

right.  In addition, I must inquire whether the right was clearly established at the time of the

violation.  Wilson v. Layne, 526 U.S. 603, 609 (1999); Butler v. City of Prairie Village, Kansas,

172 F.3d 736, 745 (10th Cir. 1999).[3]

### 1.   Claim One

In Claim One, the plaintiff alleges that defendants Falk and Lueck violated his due

process and First  and Eighth Amendment rights when Falk issued a single response to all

grievances concerning the polluted water and refused to answer step 1, 2, and 3 grievances, and

when Lueck refused to permit the plaintiff to submit further grievances on the issue.  *Complaint*,

p. 6.

---

[3]The order in which I may consider these factors is discretionary.  Pearson v. Callahan, 555 U.S.223, 236 (2009).  However, both prongs must be satisfied.  Herrera v. City of Albuquerque, 589 F.3d 1064, 1070 (10th Cir. 2009).

The plaintiff's due process rights are triggered only if he has been deprived of a protected

liberty or property interest. Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460

(1989). Inmates have no constitutional liberty interest in access to prison grievance procedure.

"Accordingly, any claim of right to these procedures is not cognizable under the Due Process

Clause." Todd v. Bigelow, No. 12-4042, 2012 WL 4458364, at *2 (10th Cir. Sept. 27, 2012).

The plaintiff claims that "[b]eing denied the right to for fill [sic] the grievance process

and forcing me to go to the 106 court is cruel and unusual punishment and deliberate

indifference by case manager Lueck . . . ." *Complaint*, p. 6. The Eighth Amendment's

prohibition against cruel and unusual punishment requires prison officials to provide humane

conditions of confinement by ensuring that inmates receive adequate food, clothing, shelter, and

medical care and take "reasonable measures to guarantee the safety of the inmates." Farmer v.

Brennan, 511 U.S. 825, 832 (1994) (quotations and citations omitted). A prisoner claiming an

Eighth Amendment violation must establish both objectively and subjectively that particular

conditions of confinement constitute cruel and unusual punishment. Wilson v. Seiter, 501 U.S.

294, 297-298 (1991). To satisfy the objective component, a plaintiff "must show that he is

incarcerated under conditions posing a substantial risk of serious harm." Farmer, 511 U.S. at

834. To satisfy the subjective component, a plaintiff must demonstrate that the prison official

was "deliberately indifferent" to a substantial risk of serious harm. Farmer, 511 U.S. at 834.

The subjective component of a deliberate indifference claim is met if a prison official "knows of

and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. "[T]he

official must both be aware of facts from which the inference could be drawn that a substantial

risk of serious harm exists, and he must also draw the inference." Id.

Claim One does not contain any allegations to show that either defendant was deliberately indifferent to a substantial risk of harm to the plaintiff by issuing a single response to grievances on the water pollution issue and by refusing to allow further grievances on the issue. Therefore, Claim One must fail insofar as it alleges a violation of the plaintiff's Eighth Amendment rights.

The filing of an administrative grievance is protected under the First Amendment. Williams v. Meese, 926 F.2d 994, 998 (10th Cir. 1991). However, an inmate alleging denial of access to the courts must allege an actual injury. Lewis v. Casey, 518 U.S. 343, 349 (1996). To establish actual injury, the inmate must show that "the denial of legal resources hindered the prisoner's efforts to pursue a nonfrivolous claim." Id. at 356. Penrod v. Zavaras, 94 F.3d 1399, 1403 (10th Cir. 1996) (citing Lewis, 518 U.S. at 351). The plaintiff does not allege that Falk and Lueck's actions hindered his efforts to pursue a nonfrivolous claim.

The Complaint does not contain any specific factual allegations to state a plausible violation of the plaintiff's due process, Eighth Amendment, or First Amendment rights based on Falk and Lueck's handling of the plaintiff's grievances. Therefore, Claim One should be dismissed.

## 2.   Claim Two

In Claim Two, the plaintiff alleges that "Warden Falk and all the other Wardens" refused him the right to drink unpolluted water in violation of his equal protection and Eighth Amendment rights. *Complaint*, p. 7. He further alleges that everyone is forcing him to drink the water "from the Executive Director down the line to the case managers and all CDOC staff."

The Equal Protection Clause of the Fourteenth Amendment commands that no State shall

deny to any person within its jurisdiction the equal protection of the laws, which is essentially a

direction that all persons similarly situated should be treated alike." City of Cleburne v.

Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (quotations and citation omitted).  The plaintiff

does not allege any facts to show that he was treated differently from similarly situated inmates.

Nor has he alleged any specific facts to state a plausible claim that any of the defendants

were deliberately indifferent to a substantial risk of harm to the plaintiff.  Plausibility refers to

"the scope of the allegations in a complaint: if they are so general that they encompass a wide

swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across

the line from conceivable to plausible.'"  Robbins v. Okla. ex rel. Dep't of Human Servs., 519

F.3d 1242, 1247 (10th Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570

(2007)).  The Tenth Circuit Court of Appeals has instructed:

> [T]o withstand a motion to dismiss, a complaint must have enough
> allegations of fact, taken as true, to state a claim to relief that is
> plausible on its face.  The [Supreme Court] has explained that two
> working principles underlie this standard.  First, the tenet that a
> court must accept as true all of the allegations contained in a
> complaint is inapplicable to legal conclusions.  Thus, mere labels
> and conclusions, and a formulaic recitation of the elements of a
> cause of action will not suffice; a plaintiff must offer specific
> factual allegations to support each claim.  And second, only a
> complaint that states a plausible claim for relief survives a motion
> to dismiss.  In other words, a plaintiff must offer sufficient factual
> allegations to raise a right to relief above the speculative level.
> Determining whether a complaint states a plausible claim for relief
> will . . . be a context-specific task that requires the reviewing court
> to draw on its judicial experience and common sense.  Thus, in
> ruling on a motion to dismiss, a court should disregard all
> conclusory statements of law and consider whether the remaining
> specific factual allegations, if assumed to be true, plausibly suggest
> the defendant is liable.

Kansas Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1214 (10th Cir. 2011) (internal quotations and citation omitted).

To state a claim in federal court, a complaint must explain what each defendant did to the plaintiff; when the defendant did it; how the defendant's action harmed the plaintiff; and what specific legal right the plaintiff believes the defendant violated. Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007). "In § 1983 cases, defendants often include the government agency and a number of government actors sued in their individual capacities. Therefore it is particularly important in such circumstances that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." Robbins, 519 F.3d at 1250.

Additionally, the plaintiff may not impose liability on the defendants merely because they are in supervisory positions. An individual cannot be held liable under section 1983 unless he caused or participated in an alleged constitutional violation. McKee v. Heggy, 703 F.2d 479, 483 (10th Cir. 1983). Respondeat superior is not within the purview of section 1983 liability. Id. In order to hold a supervisor liable under section 1983, a plaintiff must show that "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." Brown v. Montoya, 662 F.3d 1152, 1164 (10th Cir. 2011) (internal quotations and citation omitted). Without a showing of personal involvement in the alleged constitutional violation, liability will not be imposed on a supervisory official. Id. at 1163.

The plaintiff does not provide any specific facts to show that any of the defendants had knowledge that the plaintiff's health was at risk from contaminated water; he provides only vague and conclusory allegations that they refused to allow him to drink unpolluted water.  Nor does he allege any facts to show that any of the defendants created a policy that created contamination of the water.  Claim Two should be dismissed for failure to state a claim upon which relief can be granted.

### 3.  Claim Three

Claim Three alleges a violation of the plaintiff's Eighth Amendment rights based on his exposure to the polluted water.  He states that "the Wardens all knew about the polluted water and [did] nothing about it" and that Governor Hickenlooper knew about it "just like all the Wardens [do]." *Complaint*, p. 8.  The plaintiff does not allege any specific facts to show that Warden Falk, Warden Milyard, and Governor Hickenlooper had any knowledge that the plaintiff's health was at risk from contaminated water, nor does he allege any facts to show that they created a policy that created contamination of the water.  Claim Three should be dismissed.

### IV.  CONCLUSION

The plaintiff has failed to sufficiently allege a violation of his constitutional rights.[4] Consequently, the defendants are entitled to qualified immunity on all of the claims asserted against them.  I respectfully RECOMMEND that the defendants' Motion to Dismiss Complaint [Doc. #32] be GRANTED and that the Complaint be dismissed in its entirety.[5]

---

[4]Because I find that the Complaint should be dismissed on the foregoing bases, I do not address the defendants' remaining arguments.

[5]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's

Dated November 17, 2014.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

---

failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); <u>Thomas v. Arn</u>, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  <u>In re Key Energy Resources Inc.</u>, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).