**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 14-cv-00301-REB-BNB

JAMES ROGER DUNCAN,

    Plaintiff,

v.

JOHN W. HICKENLOOPER, governor,
RICK RAEMISCH, executive director,
WARDEN MILYARD,
WARDEN FALK, and
CASE MANAGER LUECK,

    Defendants.

## ORDER

**Blackburn, J.**

The matter before me is plaintiff's **Objection to Judge Blackburn Order Adopting Recommendation of the United States Magistrate Judge** [#73],[1] filed December 31, 2014. I construe the objection as a motion for reconsideration, but deny the relief thus requested.

Because plaintiff is proceeding *pro se*, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519,

---

[1] "[#73]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).  Nevertheless, the bases for granting reconsideration are extremely limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.  Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

***Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).

Nothing in plaintiff's latest submission implicates any of these bases for reconsidering a prior order of the court.  Instead, plaintiff principally appears to be confused by the magistrate judge's discussion of the Eleventh Amendment issues implicated by the possibility that plaintiff intended to assert official capacity claims, claims which plaintiff insists he did not intend to raise.  At worst, this argument makes that much of the magistrate judge's recommendation (and so much of my concomitant order which adopted it) moot.[2]

Nothing else in plaintiff's motion suggests *any* basis – let alone any legally cognizable or proper basis – for reconsideration of my prior order.  While plaintiff's asserted lack of knowledge of the law entitles him to a degree of leeway, it does not permit him to pursue claims for which he can allege no facts sufficient to make out plausible legal claims.

---

[2] The magistrate judge's legal analysis of these issues nevertheless was correct.  ***See Pennhurst State School & Hospital v. Halderman***, 465 U.S, 89, 102-06, 104 S.Ct. 900, 908-11, 79 L.Ed.2d 67 (1984).

**THEREFORE, IT IS** plaintiff's **Objection to Judge Blackburn Order Adopting Recommendation of the United States Magistrate Judge** [#73], filed December 31, 2014, construed as a motion to reconsider, is **DENIED**

Dated January 2, 2015, at Denver, Colorado.

BY THE COURT:

*Bob Blackburn*
Robert E. Blackburn
United States District Judge